# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jessie L. Sims, | Case No. 2:23-cv-01555-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| H. Beal, A. Lopez, | |
| Defendants. | |

Pro se Plaintiff Jessie L. Sims filed an application to proceed *in forma pauperis*. (ECF No. 1). However, Plaintiff's application is missing certain information. The Court thus denies Plaintiff's application without prejudice.

**I.   Discussion.**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed *in forma pauperis*. *See, e.g.*, *Marin v. Hahn*, 271

Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed *in forma pauperis* because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at *1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds for denying an *in forma pauperis* application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on *in forma pauperis* application).

On his application, Plaintiff claims that he makes no money; has no money in a checking account; does not own a car, real estate, stocks, bonds, securities, trusts, jewelry, artwork, or other financial instruments or things of value; has no regular monthly expenses; has no dependents; and has no debts or financial obligations. On the docket, Plaintiff includes an address. The Court takes judicial notice of the fact that public records reveal the address is a post office. But Plaintiff does not provide a PO Box number. Plaintiff also attaches a criminal citation he received to his complaint. (ECF No. 1-1 at 7). That citation indicates that Plaintiff lives at a different address, one with an apartment number, than that which Plaintiff has listed on the docket. Additionally, the Court recently received its mail to Plaintiff's address listed on the docket returned.

The information Plaintiff provides leaves the Court unable to analyze his poverty. Plaintiff does not provide any details in the application regarding how or if he pays rent, how or if he pays utilities or other bills, or how he lives considering his claim to have no money and no bills. While Plaintiff may make no money and have no bills, without further explanation, Plaintiff's bare-bones responses appear evasive. And, as a result, the Court cannot determine whether Plaintiff qualifies for *in forma pauperis* status.

The Court will give Plaintiff one opportunity to file a complete *in forma pauperis* application. The Court further orders that Plaintiff may not respond with a zero or "not applicable" in response to any question without providing an explanation for each of the questions. Plaintiff also may not leave any questions blank.

The Court denies Plaintiff's *in forma pauperis* application without prejudice. The Court gives Plaintiff 30 days to file an updated application. Plaintiff must fully answer all applicable questions and check all applicable boxes. Plaintiff may alternatively pay the filing fee in full. Since the Court denies Plaintiff's application, it does not screen the complaint at this time.

Additionally, it appears that Plaintiff has not provided a valid address. Nevada Local Rule IA 3-1[1] requires that a pro se party immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The Court will thus require Plaintiff to update his address.

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff has until **January 10, 2024** to file an updated application to proceed *in forma pauperis* as specified in this order or pay the filing fee. Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff must file a notice updating his address or providing a more complete address on or before **January 10, 2024.** Failure to timely comply with this order may result in a recommendation to the district judge that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to mail Plaintiff a copy of this order and of the Short Form application to proceed *in forma pauperis* and its instructions.[2]

DATED: December 11, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[1] The Nevada Local Rules can be found online at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

[2] This form and its instructions can also be found at https://www.nvd.uscourts.gov/court-information/forms/ under Code AO 240.